State *vs.* Wells.

*Sawyer* for Plaintiff Appellant.    *Mayo* for Defendants.

MANNING, C. J., delivered the opinion reversing the judgment.

No. 6960.

No. 6969.

## THE STATE vs. WILLIAM WELLS.

The averment in an indictment for perjury that the defendant well knew that the said W. did not say, etc., is a sufficient contradiction of the matter wherein the perjury is charged.

APPEAL from the District Court for Madison    HOUGH, J.

The Attorney-General for the State.    *Wells* for Defendant.

MANNING, C. J.    The defendant was convicted of perjury, and sentenced to confinement at hard labor for five years.

A motion in arrest of judgment was made for insufficiency of the indictment in this, that " there is no averment which denies, contradicts and falsifies the matter wherein the perjury is assigned."

State ex rel. Gerson *vs.* Judge.

The information does contain that averment in these words: " whereas he, the said William Wells then and there well knew that said Henry Williams did not say to him, or to any one in his presence, that he would send Maria Benton," etc.

This is the only ground taken in the motion in arrest, although there is another argued in the brief, but is not presented by the pleadings.

*Judgment affirmed.*